Good morning. May it please the court, I'm Joseph Vanderhuls representing the appellants. Non-lawyers in Alaska do not get to fully participate in the selection of Alaska Supreme Court justices and other judges. When selecting its judges, the state of Alaska discriminates on the basis of occupation and gives attorneys a predominance of the vote. The source of this inequality is that three of the members of the Alaska Judicial Council are appointed by the Board of the State Bar, which is elected exclusively by attorneys. Alaska's appointment system is different from other appointment systems such as the Federal One and the majority of states using appointment systems and that the council's nominations are binding upon the governor and not subject to any legislative confirmation and the appointment of attorney members is not subject to any confirmation. Well, can you just explain to me, are you claiming that anyone was denied the right to vote in an election that they should have been permitted to vote in? No, Your Honor. What we are alleging is that the election that takes place, which is the election of the Board of the Bar, yes, is a, we concede, we acknowledge that that is a limited purpose election because of the nature of the board. So you're not contending that anyone else should participate in the choice of the board, the bar board? That's correct. Okay. But because of that, a limited purpose entity should not be permitted, cannot be permitted under the Equal Protection Clause to select, to appoint the members of an entity that does not satisfy the limited purpose exception. And where is their authority to support that proposition in the appointed position world? The authority is specifically in Cramer. Cramer contemplates that, in the hypothetical that it gives, that the reason why an appointment does not satisfy the limited purpose exception is because the body doing the appointing, no one is excluded from selecting that official or entity. But Cramer is not a limited purpose election case, is it? No, it's not. The court found that the situation in Cramer, the election of the school board, did not satisfy the limited purpose exception. But, go ahead, Your Honor. Sorry. Well, the person who appoints the judge is not, is the governor who is elected. Correct. But the council does not merely advise the governor. The governor is bound to choose one of the two nominees. And the council, therefore, is not a limited purpose entity. It's an entity, its origin is in the Constitution. It's created by the Constitution as a governmental entity that exercises traditional government power, which is nominating judges. In no other jurisdiction, in no other situation in this country is the nomination of judges a private function. Well, what concerns me is that you have a statute in Alaska that requires members of courts or appointees to courts to be members of the Alaska Bar. Is that right? Correct. And the Alaska Bar, I understand, is a compulsory bar. It's not a voluntary bar. Correct. Well, are you challenging the bar requirement? That judges be bar members? No, we're not. What we're saying is that the Equal Protection Clause is violated by judges being appointed by entities that are not elected consistent with the Equal Protection Clause. Could you just help me again with that? Just tell me again how Kramer supports that, because I'm not familiar with the denial of a person who said that he should have had a right to vote for the school board, wasn't he? Correct. And the Supreme Court said that's right because the classification is too narrow of people who can vote. Now, how does that, since you've said that you're not claiming that you were denied any right to vote in any election, just tell me again what portion of that supports your position, the theory? The portion of Kramer that states that in an appointment, they state that if the board had been appointed, equal protection would not be violated because the entity doing the appointing, the same discrimination, the same discriminatory qualification is not present in that election of the appointing official. So what we're saying or what taking Salyer and Kramer together, Salyer states that there can be a limited purpose exception, therefore, Kramer contemplates that if it's unconstitutional to make the discrimination in the election of the entity, the local school board, it can't be that the state could simply avoid that result by having that entity, having that official, the local school board, appointed by an entity that is elected using the same discrimination, the same discriminatory exclusion. Now, how does that fit with Rodriguez? There, the Supreme Court upheld the notion that a political party without a vote could make the replacement. Rodriguez is distinguishable primarily because the court held that its decision was very much dependent on the fact that it was an interim position and that in order to preserve the will of the people as the representative from that party, that that party should then be able to replace the interim position with a primary. Yeah, but it may be interim, but it is that once that person takes office, that person has all the powers of the office for the remaining time. That's correct, but no one was excluded from that primary based on any voter qualification. Anyone can be a member of the party. There's no occupational requirement. Anybody can be a lawyer. No, but that's correct, but there's no requirement that political parties are subject to the same equal protection. On most jurisdictions, I can't speak to Puerto Rico, most jurisdictions there is a requirement to be a member of the party. They don't have open primaries where you can declare your party on the day of the election, and so you probably had to be a member, or at least there's a reasonable prospect, you had to be a member of the, now I've forgotten the name of the party in question, of the, we'll call it the ex-party, because I can't find it, and that means automatically people that weren't members of the ex-party, they couldn't vote, and the Supreme Court said that was okay. In that limited circumstance of an interim position, followed by a general election open to everyone, the court said that that's okay, that's not the situation that we have here. Well, in a sense it is, because this, don't all these judges have to stand for retention? A retention election is not the same as a general election, Your Honor. If that were the case, then any unconstitutional voter qualification could be corrected simply by having the position, you know, affirmed by a retention vote. I understand that, but you're not contending that we can't have appointed judges? Oh, no, absolutely not. Absolutely. It's just that the entities doing the appointing, it has to be, the people have a fundamental right to fully participate in the selection of public officials, especially in this case, the officials who exercise the judicial power of the state over them, and they have the right to exercise that, to participate fully and equally, with few exceptions, and none of the exceptions apply here. What is the relief that you want? The relief specifically is that the board should not be permitted, it's unconstitutional for the board to select the three attorney members of the council. Well, that's not relief. That's just a statement. Sorry. So, what happens? You probably want an injunction of some sort, right? That's correct. An injunction enjoining the three attorney members from further acting in their capacity, and from the board appointing, that would be redundant, I'm sorry, from the board further appointing members. Well, then, is the bottom line here that the nominations of candidates are made solely by the members of the governor? I beg your pardon? Who makes the appointments, then? Who makes the nominations to the governor, under the injunction that you wish us to enter? Well, the remaining council members would, or until Alaska adopted, or remedied, the violation of equal protection, then it could proceed as it is. Which side of the line does the Chief Justice fall on? We've got a seven-member board, three attorneys, three non-attorneys, and the Chief Justice. If you take off the attorneys, does the Chief Justice get to stick around? Of course. He's their ex-officio. Yeah, but he's there because he's been appointed by a system he declares improper. So, I just want to see if you accede to the participation of the Chief Justice and the board post-injunction, if you should get your injunction. We do. We also seek to clarify that declaring the section of Section 8 that authorizes the three members to be appointed by the council to be facially unconstitutional. Well, I don't quite understand if the Chief Justice remains, and then you have the remaining three who are appointed by the governor, is that correct? That's correct. So, with the exception of the Chief Justice, the power to name the appointees from whom the governor is to select are all appointed by the governor. That doesn't seem to me to be a system that provides for a lot of protections in terms of the quality of the nominations. Yes, Your Honor. Sounds pretty political to me. Yes, Your Honor. But the issue is that no one is excluded in that scenario, and we aren't suggesting what form of appointment system there should be. For example, in the federal system, there's the Senate confirms. Well, lots of people are excluded, everybody who didn't appoint, who didn't vote for the governor.  They voted against the governor, the person who's making all these appointments. Yes, but they weren't excluded from the election that he was elected in. I'd like to reserve the remainder of my time. Thank you. Thank you. Good morning. May it please the Court, my name is Jeff Feldman, and I appear this morning on behalf of Chief Justice Walter Carpenetti and the other members of the Alaska Judicial Council. The plaintiff's basic premise, that appointments to a council that nominates judicial candidates can only be made by an individual or a group that's chosen in a popular election that complies with one-person, one-vote principles, in which all citizens participate, presumably, simply enjoys no support. The cases in which the plaintiffs, the appellants here, rely, establish the requirements that states must follow when states decide to select election, select officials through popular election. And we submit that the holdings of those cases have largely been taken out of context and cobbled together to create a theory that simply enjoys no real support. Mr. Feldman, before you continue with your argument, is this case moot? Justice Estaw has retired. He's been replaced. Where are we? It's moot from where it started. I mean, it started with an injunction to restrain the council from tendering nominees for that vacancy. That vacancy, obviously, has not long since been filled. We would certainly concede that it's a circumstance that's capable of recurring. It will recur. There will be additional vacancies. There are vacancies in our system right now that are being filled. But you're correct that the original circumstances that triggered the case and for which the plaintiffs sought an injunction. But you're waiving a mootness argument in any event in terms of your defense. Correct. The cases the plaintiffs rely on have no application to limited purpose entities like the Board of Governors and even the Alaska Judicial Council. They have no application to judicial appointments under the Wells case, and they have no application to appointive positions. The federal courts, the United States Supreme Court has been extremely respectful of the rights of states to make their own determinations on how to select their officials. In a case that wasn't cited in the briefing called Gregory v. Ashcroft's 1991 case, Justice O'Connor, I think, said that the rights of states to make these decisions is inviolate. So there has to be a certain amount of restraint and care, I think, on the part of the federal courts in tinkering with the systems that the states choose to select their judges. No court has held unconstitutional a system, a merit selection system like Alaska's, and the two courts and two circuits that have had occasion to pass on this issue both have rejected the arguments that are made here. It seems to me that the plaintiff's argument rests almost entirely on an introductory phrase to a sentence in Cramer. And so let me focus attention on that. It's page 629 of Cramer, and the court says there, for example, a city charter might well provide that the elected city council appoint a mayor who would have broad administrative powers. Now we come to the phrase. Assuming the council were elected consistent with the commands of the Equal Protection Clause, the delegation of power to the mayor would not call for this court's exacting review. For reasons that I can't fathom, the court stuck that sentence in because it's plainly dicta. But it does say that they won't say okay necessarily to the system and won't apply its exacting review assuming the council were elected consistent with the commands of the Equal Protection Clause. And that, in read, appears to be what converts an appointed position into one that becomes subject to the Equal Protection Clause. Okay, that's the problem. What's the solution? Well, I don't see it as a problem. First of all, you've got the qualifying language of selected consistent with the Equal Protection Clause. And as an umbrella statement here, I would say everybody in Alaska, that's an issue here. You know, the governor, the council, the board of governors, every judge in our state, I would take the position that everybody has been elected or appointed consistent with the requirements of the Equal Protection Clause because that begs the question what does the Equal Protection Clause really require as to any of these particular positions. And obviously the Equal Protection Clause would command a different set of requirements for the selection of our legislature and arguably perhaps not as clear of our governor but not the same requirements for the board of governors and certainly not the same requirements for the judicial council. So we have that qualifying language I think has to be considered. And I think that the slender read that Your Honor characterizes, I think if we're going to be sensible about this, that all has to be read in context, both in the context of the Cramer case certainly and in context of now the many years of case law that have followed Cramer and have told us a lot about what Cramer really means. The court has spoken on many occasions about what requirements attach to these appointments and to the elections that cities and states throughout our country hold. So I don't see it as an issue or as a stumbling block here. I think it's been plucked out of context and tried to provide the foundation for an argument that simply doesn't stand. And the argument in this case on behalf of the plaintiffs, the appellants, has morphed or changed. If you read the briefing below and the briefing here and then even the argument this morning, it's a little hard to get my arms around. I'm heartened by the concession that the Board of Governors is a limited-purpose entity. It's not always been the position in this case, but I think that's the correct conclusion. And as a limited-purpose entity, you know, there are two consequences that attach to a finding of a limited-purpose entity. One is that, and there can't be any question about this, that the rule of one person, one vote does not apply. Voting can be restricted for limited-purpose entities to the individuals or groups that are principally affected. And the second consequence that attaches to a limited- Yeah, well, the challenge isn't to the bar election itself. The challenge is to the product of that participating in the process that is- Well, that seems to be the challenge this morning. And actually, previous occasions, I did hear the argument made in this case, I believe, that all individuals should be entitled to vote for members of the Board of Governors. But if the contention now is that the Board of Governors election is just fine the way it is, restricted to lawyers, we just don't like what the Board of Governors can do- Can do. Then the answer to that, I think, is that the task that our Constitution has granted the Alaska Bar Association to once every two years appoint a lawyer member to the Alaska Judicial Council, that task doesn't change the essential character of the Alaska Bar Association. That task doesn't change the fact that the voting system that attaches to the Bar Association's Board of Governors is still measured by a rational basis examination. And it doesn't convert the Alaska Bar Association into anything other than a limited-purpose entity. And then finally, I've searched in vain, and I suspect your honors and your law clerks have as well, for any case that suggests that tasking a limited-purpose entity like the Alaska Bar Association with a task or with a function such as making an appointment to another limited-purpose entity, and I would submit the Alaska Judicial Council likewise is a limited-purpose entity, and we can talk about that in a second, but that task doesn't somehow convert the bar into something else, nor is it improper in any respect. No court has held that the fulfillment of that mission is in any respect offensive to the 14th Amendment and Equal Protection Clause. And I say the Alaska Judicial Council is a- I mean, first of all, I don't think the special-purpose entity exception to Reynolds has any significance at all to the Judicial Council for the simple reason that the exception only pertains to elections. The exception has nothing to do with appointments, and no one on the Judicial Council is elected, so I don't know why we would even talk about the application of that exception, but the briefs talk about it, so we'll talk about it. As I understand it, the Judicial Council can nominate two candidates. Suppose the statute provided only one, and the governor has to appoint from that one. Right now it's appoint among the two. The council has to nominate a minimum of two, and on many occasions has nominated many more than two. Oh, I appreciate that correction. In other words, two is a minimum, and it could be more. Very well. Actually many times, and usually has been more. But if the question is, what if the system were- what if the Constitution of Alaska said, we're going to appoint the council in the way we appoint the council, and then the council will appoint our judges. We'll bypass the governor. We'll bypass the legislature entirely. And I would say, well, A, that would be a harder case than we have here. You've given me a good question. And the second thing I would say in response to that is that there is nothing in any of the case law that suggests that that would violate the Equal Protection Clause. Now, and I haven't thought this through, it's conceivable that might violate some other threat of the Constitution. There might be separation of powers issues embedded in it. There might be a lot of different things. But the one thing we know from all the Equal Protection cases, starting with Kramer right on down through all the limited purpose and the appointment cases and the judicial appointment cases, is that there is nothing in the Equal Protection Clause that requires that judges in particular be appointed in any particular way. The courts have had a pretty hands-off- the federal courts have had a pretty hands-off approach to this. And if Alaska wants to select its judges by having the Judiciary Committee of the Alaska Senate make the appointments or the Judiciary Committee of the House of Representatives or the Judicial Council, which is a constitutionally created entity, I don't think there's anything in any of the federal cases that suggests that there's any prohibition or anything offensive with respect to the 14th Amendment in doing that. What we do know is that what Alaska has done is something that was a little bit cutting edge when we became a state 50-plus years ago, 50 years ago now, but has now become the mainstream, which is to adopt a merit selection system that seeks to remove from the appointment process the cloud of politics. Yeah, the whole point is to make it less political. Exactly. And to have the appointing official choose among candidates that had been selected for merit. You're not arguing, I assume, that the process that might go on within the Judicial Council, which would terminate with the ultimate recommendation of a number of potential candidates, is without politics? Well, that's a very good question. There are a couple of things I would like to point out about that because, as Alaskans, we're very proud of our system, so you'll have to give me a moment to respond to that. First of all, if you look at the history of voting on the Council, the alignment of votes for nominations of judges as between lay people on the Council and lawyers in the Council is stunning. I mean, in the main, the lawyers and the lay people have reached consensus decisions to a staggering degree. And I can't say that that necessarily means that it's an apolitical process, but if you factor in that these Council members serve for six-year terms, and the terms are staggered and different governors thereby wind up appointing different Council members, and so the Council always is in flux year to year and always represents a combination of appointees and members that straddle various political administrations, the fact that that's true and that the votes have been substantially consensus or unanimous on many occasions makes me feel like it's a lot less political than you might otherwise suspect. I suppose any process in which you're selecting people is political in some sense, but I guess the question is the real, the better word would be partisan. Partisan politics. And I think where the partisan politics of the process enter, quite honestly, is at the appointment stage. It's when the governor appoints. And I think our history is that our governors actually have been respectful of the process and have appointed people who they might not otherwise have appointed because they've recognized the merit of the candidates. Is it true that if you were to take out the bar-appointed selected members of the commission, you would just have, with the exception of the chief justice, those appointed by the governor? Correct. You'd have the three lay members. So this would have the tendency to make it more partisan. It would certainly make it more partisan, and it would certainly make it a less informed process. And if you go back to our constitutional convention minutes, all discussed in the briefs, there was a lot of discussion about what lawyers bring to the table in these discussions. We are talking about appointing lawyers to the bench, obviously. And while the cynicism attached to lawyer bashing has become fashionable, there was a time, if you read the constitutional convention minutes, there was a time apparently when people thought that the participation of lawyers in the process by which we elect our highest judicial officers or select them, that was a good thing, not a bad thing. If you have any other questions, my time is about to run out here, so I want to give you an opportunity. Otherwise, I will.  Thank you. Thank you. Thank you. I'd just like to make a few points. The first being that most other states that use merit selection do so without giving attorneys an exclusive binding vote, a binding say. This happens to be one that does. It happens to be one that does? I have a nine-member commission, two of whom were elected by the bar, not by the Board of Governors, by the bar. So I vote in that election every time it comes around. That gives me more power than somebody else. But I still don't understand how that violates the Equal Protection Clause because I don't see how that clause applies to appointments. The clause applies to appointments because otherwise a state could evade the requirement that there's no invidious discriminatory voter qualification by simply having that person appointed by a body that has the same qualification. We submit that Kramer and Salyer can't stand for that position. Could you give me a hypothetical as to what the evil is that you see here? What the evil is? Yeah. What's bad about this? Okay. The bad thing is that there's discrimination, that the system is the same as if judges were popularly elected and attorneys' votes were given more weight than anyone else's. And the Supreme Court has held that occupation is not a legitimate means of discriminating among voters. I see my time is up. Okay. Thank you, Your Honor. Thank you. The matter just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned.
judges: Schroeder, O'scannlain, Clifton